O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EUGENIA M. MENDEZ ) | Case No. CV 06-03514-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**I.   Factual and Procedural Background**

This is an action for judicial review of the Commissioner's final decision denying Plaintiff Eugenia Mendez's application for Social Security benefits. Plaintiff was born on August 14, 1948, and has relevant work experience as an inspector and selector/auditor at a glass company. (AR 23, 102-03.)

On September 9, 2003, Plaintiff filed applications for Disability Insurance benefits and Supplemental Security Income benefits, claiming that she became disabled and unable to work on June 12, 1999, due

to the limiting effects of diabetes mellitus, hypertension, back pain, and anthralgias. (Administrative Record ("AR") 22-23.)

The Commissioner denied Plaintiff's applications on October 30, 2003. (AR 46-50.) A *de novo* hearing was held on December 4, 2004, before Administrative Law Judge ("ALJ") Cynthia A. Minter. (AR 51-52, 502.) In a decision issued July 12, 2005, the ALJ found that Plaintiff was not disabled and therefore not entitled to benefits. (AR 19-26.)

Specifically, the ALJ found that: (1) Plaintiff has not engaged in substantial gainful activity during the relevant time period; (2) the impairments caused by Plaintiff's diabetes, hypertension, back pain, and arthralgias do not meet or medically equal one of the listed impairments in the Regulations; (3) Plaintiff retains the residual functional capacity ("RFC") to lift forty-five pounds occasionally and twenty-five pounds frequently; and she can stand, walk, or sit for up to six hours in an eight-hour workday; she can climb stairs, stoop, kneel, crouch or crawl only occasionally; and she is unable to climb ladders, work at heights, or work around dangerous machinery; (4) Plaintiff's complaints of excessive pain are not credible; and (5) Plaintiff is able to perform her past relevant work as a selector.

The Appeals Council denied Plaintiff's request for review on April 27, 2006. (AR 5-7.) Plaintiff then filed the instant action, claiming that the ALJ erred by failing to fully develop the medical record. (Jt. Stip. 3.)

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld if it is "supported by 'substantial evidence'

and if the proper legal standard was applied." *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. The ALJ Did Not Have a Duty to Investigate References to Dr. Alexander Angerman's Report and Medication**

Plaintiff claims that the ALJ erred by (1) failing to obtain or consider the medical reports prepared by Dr. Alexander Angerman, a physician who apparently examined Plaintiff regarding a workers' compensation claim, and (2) failing to develop evidence concerning Plaintiff's alleged mental impairment in light of Plaintiff's use of anti-depressant medication.

With respect to the Angerman report, Plaintiff makes a series of overlapping arguments. She initially complains about the failure to give the report proper consideration and that the report's findings are inconsistent with the findings of the consulting physician, Dr. Moskowitz. However, both of these arguments are without merit. As will

be seen, Dr. Angerman's report is not in the record and has not been presented to this Court for review. The report is merely referenced in a stipulated worker's compensation award document included in the rcord. The only legitimate argument that can be presented by Plaintiff is that the ALJ erred in failing to obtain Angerman's report.

**A.   Discussion**

Both the disability benefits claimant and the Social Security Administration ("SSA") bear a regulatory responsibility for developing the evidentiary record. The claimant must produce medical evidence showing that she has an impairment, and how severe that impairment is during the time she claims she is disabled. 20 C.F.R. §§ 404.1512(c), 416.912(c). Before deciding that a claimant is not disabled, the SSA must develop a claimant's complete medical history for at least the twelve months preceding the month in which the claimant files her application. 20 C.F.R. §§ 404.1512(d), 416.912(d). The SSA must make every reasonable effort to help the claimant get medical reports from the claimant's medical sources when the claimant gives permission to request the reports. Id.

The ALJ also has a duty to insure that the record is properly developed.  However, it is the existence of ambiguous evidence, or medical records that are inconclusive or otherwise inadequate to receive controlling weight, which triggers an ALJ's duty to seek clarification or additional evidence from medical sources. *Mayes v. Massanari*, 276 F.3d at 459; *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at

1150. The ALJ's special duty to fully and fairly develop the record and to assure that the claimant's interests are considered exists even when the claimant is represented by counsel. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

**B.   Analysis**

    **1.   Dr. Alexander Angerman's Records**

Plaintiff's first claim of error focuses on a document from the California Workers' Compensation Appeals Board captioned "Stipulations with Request for Award." (AR 63-65.) The document indicates that Plaintiff and her employer "agree and stipulate that the applicant had factors of disability as set forth in the medical reporting of Dr. Angerman," and that the period of temporary disability lasted from June 12, 1999 until March 12, 2000. (AR 63-64.) As noted, the record does not contain the report from Dr. Angerman.

The ALJ did not have a duty to obtain Dr. Angerman's report based upon the record in this case.  The evidence regarding disability is not ambiguous, inconsistent, or inadequate.  Moreover, a private agreement allowing a claimant to receive worker's compensation benefits for a period of 9 months, based upon a medical report issued more than two years prior to the date of the applications for benefits, is not relevant to the disability determination for the reasons stated by the Commissioner at pages 8-12 of the Joint Stipulation. It was not error for the ALJ to disregard the passing reference to Dr. Angerman in reaching her decision.

The ALJ appropriately relied on the medical opinion of Dr. Steven A. Moskowitz, a consultative examiner, in determining Plaintiff's RFC. Dr. Moskowitz examined Plaintiff and detailed his findings in a report dated October 15, 2003. (AR 204-08.) The ALJ summarized Dr. Moskowitz's

findings and adopted his opinion as to Plaintiff's RFC. (AR 24.)

Moreover, Dr. Moskowitz's opinion, based on independent clinical findings, provides substantial evidence to support the ALJ's RFC determination. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The ALJ pointed to specific findings in the report that demonstrated only slight physical limitations. (AR 24.) Dr. Moskowitz's report does not contain any ambiguities that would trigger the ALJ's duty to further develop the record by requesting documentation from past treating physicians such as Dr. Angerman. *Tonapetyan*, 242 F.3d at 1150.

Any oversight in obtaining relevant medical evidence lies with Plaintiff, not the ALJ. It is the claimant's burden to "produce medical evidence showing that [she] ha[s] an impairment and how severe it is during the time [she] says that [she is] disabled." 20 C.F.R. §§ 404.1512(c), 416.912(c). Although Plaintiff listed Dr. Angerman as a past treating physician on the Disability Report submitted to the Commissioner (AR 105), she did not produce any associated medical records. Prior to the hearing, the ALJ provided Plaintiff's counsel with a list of Exhibits and requested that all "relevant medical records not already in the file" be furnished. (AR 114.) There is no indication that Plaintiff made any effort to obtain or produce Dr. Angerman's reports. In the absence of any ambiguity or inconsistency in the record, the ALJ did not breach his duty to develop the evidence.

### 2. Evidence of Mental Impairment

Based on the medical record, the ALJ concluded that "the claimant does not have any type of severe mental impairment." (AR 24.) The ALJ noted the absence of evidence showing that Plaintiff has required outpatient treatment or hospitalization for any mental impairment. The ALJ also cited a report issued by a disability analyst on October 29,

2003, following a telephone interview with Plaintiff. The report states:

> According to the clmt. she did not list a mental impairment because her depression has gone away. She denies having any psychosis. Ms. Mendez stopped seeing a psychiatrist and taking her medication (Zoloft) about three years ago. The psychiatrist at Kaiser/Downey ended her sessions. The clmt. denies that her inability to work is due to a mental condition.

(AR 225.)

Plaintiff does not dispute the veracity of this document; indeed, she approvingly cites it in the Joint Stipulation. (Jt. Stip. 13.) Instead, Plaintiff points to a form submitted to the Commissioner on November 29, 2004, that lists Zoloft and Risperdal as medications she is presently taking. Plaintiff argues that the mere mention of these medications should have caused the ALJ to further develop the record concerning her mental impairments.

The ALJ's duty to develop the record is not so far-reaching. As noted, the duty exists when the record is otherwise underdeveloped or ambiguous, but such is not the case here. Other than a single medical visit on April 4, 2004, Plaintiff has not pointed to any evidence that she has received mental health treatment. Plaintiff did not claim that she was disabled due to any mental impairments, which she made clear to the disability analyst. Moreover, Plaintiff did not claim any alleged mental impairments at the hearing before the ALJ, and her attorney did not elicit any testimony concerning such impairments. (AR 504-15, 520-25.) In the absence of any mental health diagnosis, any medical records of mental health treatment, or even any claim that Plaintiff suffers from some mental impairment, the simple fact that Plaintiff reported

that she takes Zoloft and Risperdal does not trigger the ALJ's duty to more fully develop the record. The ALJ's conclusion that Plaintiff does not suffer from a severe mental impairment was based on substantial evidence in the record.

**IV. Conclusion**

For the reasons stated above, it is **ORDERED** that the decision of the Commissioner be affirmed and this case be dismissed with prejudice.

DATED: April 19, 2007

_____
MARC L. GOLDMAN
United States Magistrate Judge